**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-MC-0157-RLV-DCK**

| | |
|---|---|
| SARAH STEVENS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>*Internal Revenue Service*, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Petitioner's "Petition To Quash 3rd Party Summons" (Document No. 1) filed November 22, 2010. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for review. Having carefully considered the motion, the record, and the applicable authority, the undersigned will deny the petition to quash.

The pending petition arises from an Internal Revenue Service ("IRS") Financial Records Summons ("Summons") issued on or about November 3, 2010. (Document No. 1, pp.16-18). The Summons requests a third-party, Wachovia Bank N.A., to produce certain documents concerning Stevens Technologies, Inc. on November 30, 2010. (Document No. 1, p.16). The information sought includes bank signature cards, corporate resolutions, bank statements, cancelled checks and loan applications, agreements, and related records. Id. Petitioner filed a petition to quash the Summons, arguing that it is duplicative, lacks legal basis, and has no legitimate purpose. (Document No. 1, p.4-5).

On January 24, 2011, the "United States' Opposition To Petition To Quash Third-Party Summons Issued To Wachovia Bank" (Document No. 4) was filed. Respondent contends that it has

met the well-established standards set forth below for enforcement of an IRS summons. (Document No. 4). To demonstrate a *prima facie* case for enforcement, the United States must meet four requirements:

> (1) the summons was issued for a legitimate purpose, (2) the summoned information is relevant to that purpose, (3) the information sought is not already in the Government's possession, and (4) the administrative steps required by the Internal Revenue Code for the issuance and service of the summons have been followed.

Maehr v. U.S., 3:08-mc-067-W, 2008 WL 2705605 (W.D.N.C. July 10, 2008) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964). "In order to enforce the Summons, the Government carries the initial "slight or minimal" burden to establish a *prima facie* showing of good faith in issuing the summons." Id. (citing Conner v. United States, 434 F.3d 676, 680 (4th Cir. 2006) (quoting Mazurek v. United States, 271 F.3d 226, 230 (5th Cir. 2001)).

Petitioner filed a "Response To Opposition To Quash 3rd Party Summons Issued To Wachovia Bank" (Document No. 6) on March 7, 2011. In response, Petitioner contends that Respondent has failed to identify a "legitimate purpose" for the records sought, and that the information requested is already in the government's possession. (Document No. 6).

On March 17, 2011, Respondent filed the "United States' Reply Brief" (Document No. 8). Respondent re-asserts in its reply that it has met the Powell elements cited above by submitting an affidavit of the IRS agent who avers to the required elements, and further denies that Revenue Officer Klauer has possession of the documents sought. (Document No. 8, pp.1, 5-6). Respondent contends that the burden shifted to Petitioner "to disprove the existence of a valid purpose or to show that enforcement of the summons would otherwise be an abuse of the Court's process." (Document No. 8, p.2); see also, Powell, 379 U.S. at 58. "At a minimum, Petitioner must 'allege

specific facts in its responsive pleadings, supported by affidavits, from which the court can infer the possibility of some wrongful conduct by the IRS.'" Maehr v. U.S., 2008 WL 2705605 at *1 (citing Alphin v. United States, 809 F.2d 236, 238 (4th Cir. 1987)).

After careful review of the parties' arguments, the undersigned finds that Respondent has made a *prima facie* case for enforcement of the Summons, and that Petitioner has not adequately satisfied the burden necessary to quash the Summons.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Petition To Quash 3rd Party Summons" (Document No. 1) is **DENIED**.

Signed: March 22, 2011

David C. Keesler
United States Magistrate Judge